**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DANIEL A. DIXON**
Lawrence County Public Defender Agency
Bedford, Indiana

ATTORNEYS FOR APPELLEE DCS:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ROBERT J. HENKE**
**CHRISTINE REDELMAN**
Deputies Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEE CASA:

**DARLENE STEELE MCSOLEY**
Bedford, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| IN THE MATTER OF THE TERMINATION OF THE PARENT-CHILD RELATIONSHIP OF:<br><br>G.B., D.B., E.B., Li.B., C.B., & Z.B.,<br>Minor Children,<br><br>and<br><br>L.B., Father,<br><br>Appellant-Respondent,<br><br>vs.<br><br>THE INDIANA DEPARTMENT OF CHILD SERVICES,<br><br>Appellee-Plaintiff. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 47A05-1405-JT-194<br>)<br>)<br>)<br>)<br>)<br>) |

APPEAL FROM THE LAWRENCE CIRCUIT COURT
The Honorable Andrea McCord, Judge
Cause Nos. 47C01-1307-JT-268, 47C01-1307-JT-269, et. al

**MEMORANDUM DECISION - NOT FOR PUBLICATION**
**MAY, Judge**

L.B. (Father) appeals the involuntary termination of his parental rights to G.B., D.B., E.B., Li.B., C.B., and Z.B. (collectively, Children). He argues the Department of Child Services (DCS) did not present sufficient evidence that termination was in the best interests of Children and that a satisfactory plan existed for the care and treatment of Children following termination. We affirm.

## FACTS AND PROCEDURAL HISTORY

Father and S.B. (Mother)[1] (collectively Parents) are the biological parents of G.B., born October 24, 1998; D.B., born July 20, 2000; E.B., born June 2, 2002; Li.B., born April 26, 2006; C.B., born November 13, 2009; and Z.B., born October 11, 2010. On October 26, 2011, DCS filed Child in Need of Services (CHINS) petitions for Children[2] after DCS found an active methamphetamine lab, heroin balloons, syringes, and pipes at the family home.

On January 3, 2012, Parents admitted Children were CHINS and the trial court so adjudicated them. The trial court ordered Parents to, among other things, sign releases necessary to monitor compliance with services; maintain safe and stable housing; maintain stable income; refrain from using or manufacturing illegal drugs; participate in home-based counseling, family counseling, parenting assessment and recommendations, and substance

---

[1] Mother's parental rights were also involuntarily terminated, but she does not participate in this appeal.
[2] Father's oldest child, B.B., was included in the CHINS petition but was not part of this termination action because B.B's mother assumed custody of him.

abuse assessment and recommendations; refrain from criminal activity; and submit to random drug screens. Children were originally placed with Parents, but Parents did not maintain stable housing and income. Parents were involved in a shoplifting incident with Father's oldest child, B.B., while Children were in their care. Children were eventually placed in three separate foster homes: L.B., C.B., and Z.B. were placed in one home; G.B. and D.B. were placed in another; and E.B. was placed in a third.

On July 26, 2013, DCS filed a petition to terminate parental rights based on Parents' non-compliance with services. The trial court held evidentiary hearings on termination on December 10, 2013, and January 30, 2014. Father was incarcerated at the time of the termination hearings for a conviction based on his battery of Mother. On April 2, 2014, the trial court terminated Father's parental rights.

## DISCUSSION AND DECISION

We review termination of parental rights with great deference. *In re K.S., D.S., & B.G.*, 750 N.E.2d 832, 836 (Ind. Ct. App. 2001). We will not reweigh evidence or judge credibility of witnesses. *In re D.D.*, 804 N.E.2d 258, 265 (Ind. Ct. App. 2004), *trans. denied.* Instead, we consider only the evidence and reasonable inferences most favorable to the judgment. *Id.* In deference to the juvenile court's unique position to assess the evidence, we will set aside a judgment terminating a parent's rights only if it is clearly erroneous. *In re L.S.*, 717 N.E.2d 204, 208 (Ind. Ct. App. 1999), *reh'g denied*, *trans. denied*, *cert. denied* 534 U.S. 1161 (2002).

When, as here, a judgment contains specific findings of fact and conclusions thereon,

3

we apply a two-tiered standard of review.  *Bester v. Lake Cnty. Office of Family & Children*, 839 N.E.2d 143, 147 (Ind. 2005).  We determine first whether the evidence supports the findings and second whether the findings support the judgment.  *Id*.  "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference."  *Quillen v. Quillen*, 671 N.E.2d 98, 102 (Ind. 1996).  If the evidence and inferences support the juvenile court's decision, we must affirm.  *In re L.S.*, 717 N.E.2d at 208.

"The traditional right of parents to establish a home and raise their children is protected by the Fourteenth Amendment of the United States Constitution."  *In re M.B.*, 666 N.E.2d 73, 76 (Ind. Ct. App. 1996), *trans. denied*.  A trial court must subordinate the interests of the parents to those of the child, however, when evaluating the circumstances surrounding a termination.  *In re K.S.,* 750 N.E.2d at 837.  The right to raise one's own child should not be terminated solely because there is a better home available for the child, *id.*, but parental rights may be terminated when a parent is unable or unwilling to meet his or her parental responsibilities.  *Id*. at 836.

To terminate a parent-child relationship, the State must allege and prove:

> (A) that one (1) of the following is true:
>> (i) The child has been removed from the parent for at least six (6) months under a dispositional decree.
>> (ii) A court has entered a finding under IC 31-34-21-5.6 that reasonable efforts for family preservation or reunification are not required, including a description of the court's finding, the date of the finding, and the manner in which the finding was made.
>> (iii) The child has been removed from the parent and has been under the supervision of a county office of family and

children or probation department for at least fifteen (15) months of the most recent twenty-two (22) months, beginning with the date the child is removed from the home as a result of the child being alleged to be a child in need of services or a delinquent child;

(B) that one (1) of the following is true:

(i) There is a reasonable probability that the conditions that resulted in the child's removal or the reasons for placement outside the home of the parents will not be remedied.

(ii) There is a reasonable probability that the continuation of the parent-child relationship poses a threat to the well-being of the child.

(iii) The child has, on two (2) separate occasions, been adjudicated a child in need of services;

(C) that termination is in the best interests of the child; and

(D) that there is a satisfactory plan for the care and treatment of the child.

Ind. Code § 31-35-2-4(b)(2). The State must provide clear and convincing proof of these allegations. *In re G.Y.*, 904 N.E.2d 1257, 1260-61 (Ind. 2009), *reh'g denied*. If the court finds the allegations in the petition are true, it must terminate the parent-child relationship. Ind. Code § 31-35-2-8.

Father challenges only whether DCS presented sufficient evidence termination was in the best interests of Children and whether DCS had a satisfactory plan for the care and treatment of the Children following termination. We review each in turn.

1.    Best Interests

Pursuant to Ind. Code § 31-35-2-4(b)(2)(C), DCS must provide sufficient evidence "that termination is in the best interests of the child." In determining what is in the best interests of a child, the trial court is required to look beyond the factors identified by DCS and to consider the totality of the evidence. *In re J.S.*, 906 N.E.2d 226, 236 (Ind. Ct. App.

5

2009). In so doing, the trial court must subordinate the interests of the parent to those of the child. *Id*. The court need not wait until a child is harmed irreversibly before terminating the parent-child relationship. *Id*. Recommendations of the case manager and court-appointed advocate, in addition to evidence the conditions resulting in removal will not be remedied, are sufficient to show by clear and convincing evidence that termination is in the child's best interests. *Id*. A parent's historical inability to provide a suitable environment, along with the parent's current inability to do the same, supports finding termination of parental rights is in the best interests of the children. *Lang v. Starke County Office of Family and Children*, 861 N.E.2d 366, 373 (Ind. Ct. App. 2007), *trans. denied*.

DCS presented evidence Children were originally removed because the family home had a working methamphetamine lab located in the garage and Father and Mother were using drugs. The family stayed at multiple homeless shelters over the span of a year, and each time the family was forced to leave the shelter because Mother and Father did not follow the rules of the shelter.

Father argues the facts of the instant case are similar to those in *In re G.Y.*, 904 N.E.2d 1257 (Ind. 2009), and *In re J.M.*, 908 N.E.2d 191 (Ind. 2009). Both are distinguishable.

Like the mother in *In re G.Y.*, Father is incarcerated. G.Y.'s mother had not committed any offenses while G.Y. was alive, she completed multiple programs and services while incarcerated, she secured a full time job and housing before her release from incarceration, and her release from incarceration was imminent. *In re G.Y.*, 904 N.E.2d at 1262. Those facts prompted our Indiana Supreme Court to hold DCS had not presented

sufficient evidence that the termination of the parental relationship between G.Y. and his mother was in G.Y.'s best interests. *Id*. at 1264.

Our Indiana Supreme Court made similar findings regarding the parents who were the subject of *In re J.M.*:  the parents had imminent release dates, had completed all services offered by DCS, and had secured post-incarceration housing and employment. 908 N.E.2d at 194-96.

By contrast, in the instant case, Father testified he could shorten his sentence by pursuing a bachelor's degree, but had yet to begin pursuing a degree at the time of the termination hearing.  He testified he did not have a plan for employment or housing on his release, and he still faced criminal charges stemming from an incident where Parents and Father's oldest son were arrested for shoplifting.  There was sufficient evidence termination was in the best interests of the children. *See Matter of M.B.*, 666 N.E.2d 73, 78-9 (Ind. Ct. App. 1996) (termination of parental rights was in children's best interest based on Father's undeterminable release date from incarceration, substance abuse issues, and lack of ability to care for children upon his release from incarceration), *trans. denied*.

2.      Satisfactory Plan for Care and Treatment

Pursuant to Ind. Code § 31-35-2-4(b)(2)(D), DCS must provide sufficient evidence there is a satisfactory plan for the care and treatment of the child.  We have held "[t]his plan need not be detailed, so long as it offers a general sense of the direction in which the child will be going after the parent-child relationship is terminated." *In re L.B.*, 889 N.E.2d 326, 341 (Ind. Ct. App. 2008).

Father argues DCS did not provide sufficient evidence of a satisfactory plan for the care and treatment of the Children after his parental rights were terminated. He noted Children were in three different foster homes and no adoption proceedings had been initiated at the time of the termination. Father also asserts there was no plan to continue sibling visitation should the Children be adopted into different homes.

At the termination hearing, DCS presented evidence all three foster families were willing to adopt the children who resided with them and other families were willing to consider adoption. Children had been participating in weekly sibling visitation, and there was no indication those visits would not continue. Based on the evidence, we conclude there existed a satisfactory plan for the care and treatment of Children.

## CONCLUSION

DCS presented sufficient evidence that termination of Father's parental rights was in the best interests of Children and a satisfactory plan existed for care and treatment of Children when Father's parental rights were terminated. Accordingly, we affirm.

Affirmed.

VAIDIK, C.J., and FRIEDLANDER, J., concur.